UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MAURICE P. OLIVER,<br><br>Plaintiff,<br><br>vs.<br><br>R. GROUNDS, et al.,<br><br>Defendants. | Case No: C 12-00176 SBA (pr)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION REQUESTING COPY OF ORDER & ORDER RESCINDING ITS DATE FOR INTERLOCUTORY APPEAL**<br><br>Docket 23 |

On January 11, 2012, Plaintiff, a state prisoner, filed this pro se civil rights action, pursuant to 42 U.S.C. § 1983, against employees of the Correctional Training Facility (CTF) in Soledad, California, where he was previously incarcerated. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs (i.e., fibromyalgia, pain, acid reflux, high blood pressure and constipation). (Dkt. 1.)

Along with his complaint, Plaintiff filed a motion for a temporary restraining order (TRO) and a preliminary injunction. (Dkt. 6.) In his motion papers, Plaintiff alleged that he has not received "proper treatment and daily exercise" due to prison overcrowding. Id. at 4. Plaintiff did not specify the nature of the "proper treatment" to which he was referring or make any showing that daily exercise is necessary to treat his conditions. In view of his deficient showing, coupled with the lack of notice to Defendants, see Fed. R. Civ. P. 65(b), the Court denied Plaintiff's TRO request on September 28, 2012, without prejudice to renewal after the Court screened the complaint. (Dkt. 20.) The Clerk sent the Order to Plaintiff at the CTF.

On October 18, 2012, Plaintiff filed a notice of change of address, indicating that he had been transferred to Pleasant Valley State Prison (SVSP) in Coalinga, California. (Dkt. 21.)

On November 21, 2012, Plaintiff submitted a letter stating that he had not heard from the Court, and requested confirmation that it had received his change of address notice. (Dkt. 22.) In response, the Clerk sent Plaintiff a copy of the docket on November 26, 2012.

On December 5, 2012, Plaintiff filed the instant "Motion Requesting Copy [o]f Order & Order Rescinding Its Date For Interlocutory Appeal Pursuant to 28 U.S.C. [§] 1292(b)." (Dkt. 23.) Plaintiff's motion presents two requests. First, he seeks a copy of the Court's September 28, 2012 Order. Second, he requests that the Court rescind the Order denying his TRO request and then immediately reissue it to enable him to file a notice of appeal. Plaintiff claims that he never received the Court's Order, and that he did not realize that the Court had ruled on his TRO request until he reviewed the docket sheet provided by the Clerk. Though Plaintiff does not expressly state the reasons he cannot appeal the September 28 Order, the Court presumes that he is unable to do so because the thirty-day deadline to appeal has lapsed. See Fed. R. App. P. 4(a).

Plaintiff cites no authority for his request to rescind and then reissue an order to facilitate an otherwise untimely appeal. Thus, the Court liberally construes Plaintiff's motion as one under Federal Rule of Appellate Procedure ("FRAP") 4(a)(6). FRAP 4(a)(6) provides that a party who has not received notice of a ruling or judgment may request the district court to "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered[.]" A request under FRAP 4(a)(6) may be granted if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R.App. P. Rule 4(a)(6). Based on the Court's review of the record, it appears, at least facially, that the prerequisites for reopening the time to appeal under FRAP 4(a)(6) are satisfied.

Notwithstanding the above, Plaintiff's ability to appeal in forma pauperis is dependent on the Court's finding under 28 U.S.C. § 1915(a)(3). Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Here, the Court finds that an appeal of the Court's Order denying his TRO request would be frivolous. First, a district court's denial of an application for a TRO is not an appealable final order. See Religious Tech. Ctr. Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1308 (9th Cir. 1989).[1] Second, Plaintiff's request for a TRO is moot because Plaintiff is no longer housed at CTF. See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (holding that prisoner's transfer from the facility where he was denied access to legal materials rendered his claim for injunctive relief moot). Finally, Plaintiff's motion failed to satisfy the requirements of a TRO under Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) and otherwise failed to meet the requirements for a TRO without notice, see Fed. R. Civ. P. 65(b).

The Court hereby certifies that any appeal from the Court's Order denying Plaintiff's TRO request would not be taken in good faith, within the meaning of 28 U.S.C. § 1915(a)(3). Because Plaintiff cannot proceed in forma pauperis on appeal, his request to reopen the period to appeal under FRAP 4(a)(6) is moot. Plaintiff may renew his request to

---

[1] Although an "order denominated a TRO that possesses qualities of a preliminary injunction is a reviewable interlocutory order," SEIU v. Nat'l Union of Healthcare Workers, 598 F.3d 1061, 1067 (9th Cir. 2010) (finding a TRO akin to a preliminary injunction where the district court held an adversarial hearing and where the duration of the TRO exceeded the ordinary duration for TROs), the Court's Order denying the TRO is not akin to the denial of a preliminary injunction and is therefore not reviewable under 28 U.S.C. § 1292(a)(1). Indeed, the Court expressly stated that Plaintiff could renew his motion following the initial screening of his complaint.

proceed in forma pauperis on appeal before the Ninth Circuit.  If the Ninth Circuit grants such request, Plaintiff may renew his request to reopen the time to appeal.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion Requesting Copy of Order & Order Rescinding its Date for Interlocutory Appeal is GRANTED IN PART and DENIED IN PART.

2. Plaintiff's request for a copy of the Court's Order denying his TRO request is GRANTED.  The Clerk shall send Plaintiff a copy of Docket 20.

3. Plaintiff's request to rescind and reissue the Court's Order denying his TRO request, which has been liberally construed as motion to reopen under FRAP 4(a)(6), is DENIED without prejudice.

4. This Order terminates Docket 23.

IT IS SO ORDERED.

Dated:  February 6, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.12\12-0176 - Oliver - Order Denying Motion to Rescind.docx

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MAURICE P. OLIVER,

        Plaintiff,

  v.

R. GROUNDS et al,

        Defendant.
_____/

Case Number: CV12-00176 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 7, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maurice P. Olivier F83603
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210

Dated: February 7, 2013

                                    Richard W. Wieking, Clerk
                                    By: Lisa Clark, Deputy Clerk