UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE P. OLIVIER,<br><br>    Plaintiff,<br><br>v.<br><br>R. GROUNDS, et al.,<br><br>    Defendants. | No. C 12-0176 SBA (PR)<br><br>**<u>ORDER SERVING COGNIZABLE CLAIMS</u>** |

Plaintiff Maurice Olivier, an inmate presently incarcerated at Pleasant Valley State Prison (PVSP) in Coalinga, California, has filed a <u>pro se</u> civil rights action under 42 U.S.C. § 1983 alleging claims against six individuals who are employed at the Correctional Training Facility (CTF) in Soledad, California, where Plaintiff was previously incarcerated. The gravamen of Plaintiff's complaint is that these individuals were deliberately indifferent to Plaintiff's serious medical needs either by not allowing him adequate time to exercise or by denying him adequate pain medication.

Venue is proper because the events giving rise to Plaintiff's claims occurred at CTF, which is located in this judicial district. <u>See</u> 28 U.S.C. § 1391(b).

Plaintiff previously was granted leave to proceed <u>in forma pauperis</u>. (Dkt. 11). The Court now conducts a preliminary screening of the Complaint.

**BACKGROUND**

Plaintiff alleges that he suffers from chronic fibromyalgia, migraines, insomnia, acid reflux, high blood pressure, hypertension, emotional distress, anxiety and constipation. Comp. at 3A. At some time not specified in the pleadings, Plaintiff requested daily access to

1 the exercise yard and to the day room to alleviate the symptoms from his medical conditions.
2 Id. The request was denied. On July 29, 2011, Plaintiff filed a California Department of
3 Corrections and Rehabilitation (CDCR) 602 Inmate Appeal which requested a CDCR Form
4 7410 Comprehensive Accommodation Chrono for daily exercise yard and day room access.
5 Id. Correctional Counselor K. Mensing denied the appeal at the first level of review. Comp.
6 at 3D. At the second level of review, CDW-C M.E. Spearman reviewed and adopted
7 Mensing's decision.[1] Plaintiff claims that Warden Grounds failed to protect Plaintiff from a
8 known risk of substantial harm from his deteriorating health by not authorizing Plaintiff's
9 access to daily exercise. Comp. at 3. Warden R. Grounds followed a prison policy
10 authorized by DOM Supplement #29 which instituted restrictions on recreation in response
11 to overcrowding at CTF. Warden Grounds also failed to properly train, supervise, direct or
12 control the actions of his subordinates who were responsible for denying Plaintiff's appeals
13 for adequate physical exercise.

14 On February 16, 2011, Dr. Z. Ahmed, M.D. allegedly ignored Plaintiff's medical chart
15 from Calipatria State Prison, where Plaintiff had been incarcerated prior to his transfer to
16 CTF. This chart indicated that Plaintiff be prescribed topomax and gabapentin to treat his
17 pain. Dr. Ahmed reduced Plaintiff's prescription for topomax and tapered his prescription for
18 gabapentin. Comp. at 3G. On February 17, 2011, the prison pharmacy failed to process Dr.
19 Ahmed's prescription for topomax for Plaintiff. Plaintiff requested to see a neurologist. Dr.
20 Ahmed complied and initiated a request for Plaintiff to see a neurologist.

21 On July 25, 2011, Plaintiff was seen via telemedicine consultation by neurologist
22 Asela P. Jumao, M.D. Comp. at 3H. Dr. Jumao ordered Dr. Ahmed to restart the topomax.
23 However, Dr. Jumao's recommendations were not forwarded to the North Medical Clinic to
24 process and Plaintiff continued to be denied topomax. Comp. at H. Subsequently, Dr.
25 Ahmed placed a pharmacy order for topomax but, on November 8, 2011, this was rejected by
26 Chief Medical Executive (CME) M. Sepulveda.

27
28     [1] Plaintiff does not define the meaning of "CDW-C."

On December 12, 2011, Plaintiff was again seen by Dr. Ahmed who resubmitted another pharmacy order attaching Dr. Jumao's recommendations. However, Plaintiff was concerned that this order would again be rejected by CME Sepulveda and asked Dr. Ahmed to prescribe another type of pain medication. Dr. Ahmed did so and prescribed acetaminophen with codeine and naproxen. Comp. at 3H.

Plaintiff filed two CDCR 602 Inmate Appeals requesting that he be prescribed topomax and gabapentin for his pain. CME Sepulveda and Chief Executive Officer (CEO) G. Ellis denied the appeals. Comp. at 3J. CME Sepulveda denied the appeals on the grounds that the topomax was not required for fibromyalgia migraine pain and that there was no medical indication for gabapentin and no medical studies supported the use of it for Plaintiff's conditions. Comp. at 3J. In denying Plaintiff's appeals, CME Sepulveda ignored Dr. Jumao's order reinstating topomax. CME Sepulveda's medical decisions subjected Plaintiff to severe neurolgic damage, insomnia, fibromyalgia migraine headaches, emotional distress and anxiety. Comp. at 3K.

On the basis of these allegations, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs, and violated his rights under the Equal Protection Clause of the Fourteenth Amendment, under Article II § 2 of a treaty establishing protections against torture and under California Penal Code §§ 147 and 2652.

Plaintiff seeks monetary damages.

## DISCUSSION

**A.** **Legal Standard for Review of Complaint**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633. There is no liability under § 1983 solely because one is responsible for the actions or omissions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

## B. Legal Claims

### 1. Deliberate Indifference to Serious Medical Needs

Plaintiff asserts two deliberate indifference claims: the first is based on the lack of adequate exercise and the second is based on the failure to provide him with adequate pain medications.

#### a. Lack of Exercise

Exercise is one of the basic human necessities protected by the Eighth Amendment. LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993); Toussaint v. Rushen, 553 F. Supp. 1365, 1380 (N.D. Cal. 1983), aff'd in part and vacated in part, 722 F.2d 1490 (9th Cir. 1984). Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical well-being" of prisoners. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). Prison officials therefore may not deprive prisoners of regular exercise. Toussaint v. McCarthy, 597 F. Supp. 1388, 1393 (N.D. Cal. 1984), rev'd on other grounds 801 F.2d 1080 (9th Cir. 1986). A claim of deliberate indifference against a supervisor may be stated based upon the supervisor's knowledge of and acquiescence in unconstitutional

conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

Plaintiff's allegations that Warden Grounds instituted a policy that denied Plaintiff adequate exercise and that Officers Mensing and Spearman denied Plaintiff adequate exercise so that his medical conditions were exacerbated, liberally construed, states a cognizable claim of deliberate indifference under the Eighth Amendment.

### b. Lack of Adequate Pain Medication

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish a claim for deliberate indifference to serious medical needs, the plaintiff must show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations and citations omitted).

Plaintiff's allegations regarding Dr. Ahmed establish that although Dr. Ahmed originally did not prescribe Plaintiff his allegedly proper pain medication, Dr. Ahmed responded positively to Plaintiff's requests by prescribing topomax for him and by filing the paperwork so that Plaintiff could be seen by a neurologist. These allegations show that, contrary to Plaintiff's claim, Dr. Ahmed was responsive to Plaintiff's medical needs and requests. Therefore, Plaintiff's allegations do not state a claim for deliberate indifference against Dr. Ahmed and the claim against Dr. Ahmed is dismissed, with leave to amend to remedy the noted deficiency.

Plaintiff's allegations against CME Sepulveda are sufficient to state a claim for deliberate indifference to Plaintiff's serious medical needs because CME Sepulveda continually denied Plaintiff the pain medication that others had prescribed for him. On the other hand, Plaintiff's allegations against CEO Ellis are insufficient to state a claim. The only allegation against CEO Ellis is that he denied Plaintiff's 602 appeals. From Plaintiff's allegations, it appears that CME Sepulveda, rather than CEO Ellis, was the individual who decided that Plaintiff was not to receive the medication that Plaintiff felt alleviated his pain.

1 Furthermore, Plaintiff's allegation that CEO Ellis adopted a policy to deny adequate medical
2 care is conclusory and fails to describe such a policy.

3 In order to hold Ellis liable for any constitutional deprivations, Plaintiff must allege
4 facts affirmatively linking him to the violation. Rizzo v. Goode, 423 U.S. 362, 371-72
5 (1976); Leer, 844 F.2d at 631. The mere fact that Ellis may have denied a 602 appeal is not
6 enough. A defendant may only be held liable in a supervisory capacity if he "participated in
7 or directed the violations, or knew of the violations and failed to act to prevent them."
8 Taylor, 880 F.2d at 1045. Because the Complaint fails to allege any facts linking Ellis to this
9 constitutional deprivation, this claim against him will be dismissed. Plaintiff is granted leave
10 to amend to add allegations remedying the noted deficiencies. Therefore, the claims against
11 CEO Ellis are dismissed.

### 2. Equal Protection

13 "The Equal Protection Clause of the Fourteenth Amendment commands that no State
14 shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is
15 essentially a direction that all persons similarly situated should be treated alike." City of
16 Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). A plaintiff alleging denial of
17 equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must
18 plead intentional unlawful discrimination or allege facts that are at least susceptible of an
19 inference of discriminatory intent. Monteiro v. Tempe Union High School Dist., 158 F.3d
20 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the
21 defendant state actor acted at least in part because of plaintiff's membership in a protected
22 class. Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003).

23 Plaintiff avers that he was denied adequate exercise and proper medication in
24 violation of his equal protection rights under the Fourteenth Amendment. However, he
25 offers no facts to support this conclusory assertion. He does not allege that he is a member of
26 a protected class or that any Defendant acted, even in part, on the basis of Plaintiff's
27 membership in a protected class. "Threadbare recitals of the elements of a cause of action,
28 supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009). Here, there are no facts in the Complaint to support Plaintiff's claim that he was discriminated against on the basis of his membership in a protected class. Plaintiff's equal protection claim is therefore dismissed with leave to amend to remedy these deficiencies, if he truthfully can do so.

### 3. Claims Under Treaty Against Torture and California Criminal Statutes

Plaintiff has not identified any treaty against torture that would apply to him as an inmate in a California state prison, nor is the Court aware of any treaty that could apply to him. Therefore, this claim is DISMISSED WITHOUT LEAVE TO AMEND as amendment would be futile.

Likewise, Plaintiff's claims pursuant to California Criminal Code sections 147 and 2652 must be dismissed without leave to amend. Section 147, which addresses willful inhumanity or oppression toward a prisoner, does not create a private right of action for a civil lawsuit. See Young v. City of Visalia, 687 F. Supp. 2d 1155, 1167 (E.D. Cal. 2010). Section 2652, which prohibits cruel, corporal or unusual punishment that would impair the health of a prisoner, likewise does not create a private right of action, but merely sheds light on a defendant's existing duty of care. See Walker v. Woodford, No. 05-cv-1705-LAB(NLS); 2007 WL 2406893, *6 (S.D. Cal. 2007). Therefore, this claim is DISMISSED WITHOUT LEAVE TO AMEND as amendment would be futile.

### CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's deliberate indifference claim based on insufficient exercise against Defendants Mensing, Spearman and Warden Grounds is cognizable.

2. Plaintiff's deliberate indifference to serious medical needs claim against Dr. Ahmed and CEO Ellis is dismissed with LEAVE TO AMEND. Plaintiff's deliberate indifference to serious medical needs claim against CME Sepulveda is cognizable.

3. Plaintiff's claim based on violation of his equal protection rights is dismissed with leave to amend, as described above.

7

4. Plaintiff's claims under a treaty against torture and California penal statutes are DISMISSED WITHOUT LEAVE TO AMEND.

5. The amended pleading must be in the Court's civil rights complaint form and must include the caption and civil case number used in this Order -- No. C 12-0176 SBA (PR) -- and the words AMENDED COMPLAINT on the first page. **Failure to file a proper amended complaint within thirty (30) days of the filing date of this Order will result in the dismissal of this action.**

6. The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

7. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket nos. 1 and 2) and a copy of this Order to Defendants Grounds, Mensing, Spearman and Sepulveda**.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

8. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the

Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      9. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

          a. No later than **sixty (60) days** from the date his answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

          b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed.

          1. In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

          2. In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiff:

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

9

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand, 154 F.3d at 963.

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. If Defendants wish to file a reply brief, they shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    10. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

    11. All communications by Plaintiff with the Court must be served on Defendants, or

Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

12. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

13. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 5/30/13

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE P. OLIVER, | Case Number: CV12-00176 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| R. GROUNDS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 30, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Maurice P. Olivier F83603
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210

Dated: May 30, 2013

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.12\Oliver176.Ord of Ser.md.wpd