IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAURICE P. OLIVIER,

    Plaintiff,

v.

R. GROUNDS, et al.,

    Defendants.

No. C 12-0176 SBA (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR A STAY OF DISCOVERY**

Plaintiff Maurice Olivier, a California inmate, brings the instant pro se action under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs while he was previously incarcerated at the Correctional Training Facility in Soledad, California. In particular, Plaintiff claims that Defendants were deliberately indifferent, either by not allowing him adequate time to exercise or by denying him adequate pain medication.

Defendants have filed a motion for summary judgment along with a motion to stay discovery pending the resolution of the qualified immunity defense raised in the summary judgment motion. A district court has broad discretion to stay discovery pending the disposition of a dispositive motion. See Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985); Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976).

Defendants' summary judgment motion presents arguments on the merits and on the basis of qualified immunity. Dkt.54. "[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "Qualified immunity is 'an immunity from suit rather than a mere defense to liability.'" Conner v. Heiman, 672 F.3d 1126, 1130 (9th Cir. 2012) (internal quotations and citation omitted).

"The threshold inquiry a court must undertake in a qualified immunity analysis is

whether plaintiff's allegations, if true, establish a constitutional violation." Hope v. Pelzer, 536 U.S. 730, 736 (2002); see also Saucier v. Katz, 533 U.S. 194, 201 (2001). If the allegations are sufficient to demonstrate a constitutional violation, the Court must also determine whether the right alleged to have been violated is "clearly established." Saucier, 533 U.S. at 201. A court determining whether a right was clearly established looks to "Supreme Court and Ninth Circuit law existing at the time of the alleged act." Cmty. House, Inc. v. Bieter, 623 F.3d 945, 967 (9th Cir. 2010) (citing Osolinski v. Kane, 92 F.3d 934, 936 (9th Cir. 1996)). Whether an act as alleged by the plaintiff is a violation of a federal right and whether the right was clearly established at the time of the violation are pure legal questions for the court. See Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir. 2003).

The objective of the qualified immunity doctrine is to ensure "that 'insubstantial claims' against government officials be resolved prior to discovery and on summary judgment if possible." Anderson v. Creighton, 483 U.S. 635, 640 n. 23 (1987) (citing Harlow, 457 U.S. at 818-19). As such, a district court generally should stay discovery until the issue of qualified immunity is resolved. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Harlow, 457 U.S. at 818; Dimartini v. Ferrin, 889 F.2d 922, 926 (9th Cir. 1989). "When a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." Crawford-El, 523 U.S. at 597-98. Nonetheless, discovery as to the issue of qualified immunity may be necessary where the parties dispute the actions taken by the defendants that form the basis of the plaintiff's claim. See Anderson, 483 U.S. at 646 n.6.

After a careful review of the record, the Court concludes that a stay of discovery is appropriate. Since Defendants' qualified immunity argument assumes the truth of Plaintiff's version of events, no discovery is necessary for Plaintiff to respond. Id. Therefore, Defendants' request for a stay of discovery (Dkt. 60) is GRANTED. The stay will remain in effect until the Court issues an Order deciding the question of qualified immunity. If the

Court denies qualified immunity, the stay will be lifted and the parties will have the opportunity to engage in discovery and to file supplemental pleadings with respect to any remaining grounds for summary judgment.

Finally, the Court notes that Plaintiff has not yet filed his opposition to Defendants' motion for summary judgment. Plaintiff must file any opposition to the motion for summary judgment within **sixty (60) days** of the date of this Order. The Court is mindful that its stay of discovery will require some flexibility with respect to the general rules of admissibility of evidence as to affidavits which may be used to oppose summary judgment. DiMartini v Ferrin, 889 F.2d 922, 926-27 (9th Cir. 1989), amended, 906 F.2d 465 (9th Cir. 1990), cert. denied, 501 U.S. 1204 (1991). Plaintiff is advised, however, that merely asserting the need for discovery in his opposition papers will not defeat summary judgment. At minimum, Plaintiff must comport with Federal Rule of Civil Procedure 56(f) and, by affidavit filed in conjunction with his opposition, show what particular facts he expects to discover and how those facts would preclude summary judgment. See Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 523-24 (9th Cir. 1989).

This Order terminates Docket No. 60.

IT IS SO ORDERED.

Dated: 1/31/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge